**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY,<br><br>                    Plaintiff,<br>vs.<br><br>EBONI ABAH, *et al.*,<br><br>                    Defendants. | Case No. 2:14–cv–858–JCM–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION** |

This matter involves Primerica Life Insurance Company's interpleader action against Eboni Abah, Joan Mulholland, and Amia Pauahi Torres Mulholland. (*See* Compl. #1[1]). Before the court are Primerica's Motion for a Hearing (#17) and Motion to Interplead Funds (#19). Defendant Abah filed a response, which does not oppose Primerica's motions (#21 at 2:20).

Primerica's complaint seeks declaratory relief based on conflicting claims to insurance proceeds. On February 4, 2010, Anthony L. Mouton obtained a life insurance policy from Primerica. (Mot. to Interplead (#19) at 2:21). On April 18, 2013, Mouton and his wife, Defendant Amia Pauahi Torres Mulholland, divorced. (*Id.* at 2:24). On February 20, 2014, Mouton allegedly committed suicide. (*Id.* at 25). Now, Mouton's ex-wife, Mulholland, and daughter from a previous marriage, Eboni Abah, both claim to be the primary beneficiary of the policy's proceeds, which amount to $270,000.000. (*Id.* at 2:22).

On August 11, 2014, the court held a hearing. (*See* Mins. Proceedings #23). During the hearing the parties stipulated that the dispute presents a question of law and a question of fact. However, the

---

[1] Parenthetical citations refer to the court's docket.

question of fact only arises if after the question of law is resolved. (*See id.*)

The question of law is straightforward: whether Mulholland or Abah is the policy's primary beneficiary under Nevada law. Abah contends that she is the primary beneficiary because the divorce terminated Mulholland's rights as a matter of law. Accordingly, Abah intends on filing a motion for summary judgment on this issue. Both parties agreed that discovery will only be required if the motion for summary judgment is denied.

During the hearing, the parties also stipulated that Primerica's Motion to Interplead Funds (#19) should be granted because it is unopposed, (*see* Opp'n (#21) at 2:20), and that discovery should be stayed pending the court's resolution of Abah's motion for summary judgment.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Primerica's Motion for a Hearing (#17) is GRANTED.

IT IS FURTHER ORDERED that discovery is STAYED pending the court's adjudication of Abah's motion for summary judgment.

IT IS FURTHER ORDERED that Abah FILE her motion for summary judgment by September 11, 2014. The motion for summary judgment will be briefed in the ordinary course.

IT IS FURTHER ORDERED that counsel MEET & CONFER regarding ATTORNEYS FEES.

IT IS FURTHER ORDERED that the parties file a STIPULATION regarding attorney's fees or that Primerica file a MOTION FOR ATTORNEYS FEES by August 21, 2014.

IT IS RECOMMENDED that Primerica's Motion to Interplead Funds (#19) be GRANTED.

DATED this 13th day of August, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE